# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ERIC M. TYGRETT,**
**Claimant Below, Petitioner**

**FILED**

June 22, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0272** (BOR Appeal No. 2049831)
          (Claim No. 2011021390)

**CSX HOTELS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric M. Tygrett, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. CSX Hotels, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a September 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 27, 2013, decision to deny reopening of Mr. Tygrett's claim for additional temporary total disability benefits from August 11, 2013, to September 23, 2013, and to deny the authorization for a referral to Rajesh Patel, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tygrett worked in the Greenbrier Hotel Corporation maintenance department for CSX Hotels, Inc. On December 15, 2010, he injured his lower back while bending over and cleaning soot out of a fireplace. Mr. Tygrett was treated in the emergency room at Greenbrier Valley Medical Center. The next day, he filed an application for workers' compensation benefits, and within the month, the claims administrator held the claim compensable for sprain of the sacroiliac region and lumbago based on the emergency room diagnoses. Several weeks later, an

1

MRI was taken of Mr. Tygrett's lumbar spine at Greenbrier Valley Medical Center which revealed foraminal stenosis related to bone and disc disease, which was causing nerve root compression. Mr. Tygrett then came under the care of Rajesh Patel, M.D., who noted that he had severe low back pain aggravated by sitting, standing, or lying down. Dr. Patel noted that Mr. Tygrett was undergoing conservative treatment and that physical therapy, at times, helped with his pain. Dr. Patel found that he had lumbar disc bulges and foraminal stenosis at the L4-5 disc and herniations at the L3-4 and L4-5 discs. However, he recommended that Mr. Tygrett continue with physical therapy before attempting to treat his injury with surgery.

On March 15, 2011, A. E. Landis, M.D., performed an evaluation of Mr. Tygrett. He found that Mr. Tygrett sustained a sprain of the lower back which was superimposed upon pre-existing degenerative changes in the lumbar spine. Dr. Landis found that the compensable sprain aggravated Mr. Tygrett's pre-existing degenerative condition.[1] Dr. Landis did not believe Mr. Tygrett had reached his maximum degree of medical improvement and recommended that he continue receiving conservative treatment for the injury. He predicted that Mr. Tygrett would be able to return to work in a month. Dr. Patel also found that Mr. Tygrett continued to complain of severe pain in his back. He noted, however, that physical therapy was reducing his pain. Dr. Patel still recommended that Mr. Tygrett remain off work because of his severe pain.

A month later, Barry Vaught, M.D., also treated Mr. Tygrett and noted that Mr. Tygrett believed he was getting stronger and that his pain was less severe. Based on Mr. Tygrett's continuing complaints of pain, the claims administrator granted him temporary total disability benefits from December 18, 2010, to April 30, 2011. The claims administrator also authorized his request for transforaminal and facet injections at the L5-S1 disc.

On June 20, 2011, the claims administrator closed Mr. Tygrett's claim for temporary total disability benefits finding that there was no evidence that he continued to be disabled. Soon afterwards, on July 12, 2011, Dr. Landis evaluated Mr. Tygrett and determined that he had reached his maximum degree of medical improvement. He recommended that Mr. Tygrett return to full-duty work. Dr. Landis also recommended that Mr. Tygrett follow-up with Dr. Patel every four to six months for periodic treatment.

Following Dr. Landis's evaluation, Mr. Tygrett did not report any pain for over a year. However, during the latter half of 2012 he began to experience pain in his lower back and requested transforaminal injections at the L5-S1 disc and facet joint injections at the L3-S1 discs. Rebecca Thaxton, M.D., reviewed Mr. Tygrett's request and recommended that the claims administrator deny authorization of the injections. Dr. Thaxton noted that it had been over a year since Mr. Tygrett received treatment related to the compensable injury. Dr. Thaxton believed that Mr. Tygrett had recovered from the compensable sprain and the aggravation of his pre-existing spinal degeneration, which was related to the compensable injury. She believed that his current symptoms were entirely caused by his pre-existing degenerative condition. Mr. Tygrett,

---

[1] The parties have not presented any evidence that Mr. Tygrett's pre-existing conditions were added to the claim. However, in the early period of his recovery, Mr. Tygrett received treatment related to both his compensable lumbar sprain and the aggravation of his pre-existing degenerative condition.

however, submitted an application to have his claim reopened for additional temporary total disability benefits from August 11, 2013, through September 23, 2013. He also requested that he be referred to Dr. Patel for further evaluation. His application was accompanied by treatment notes from John Runnion, PA-C, who found that Mr. Tygrett has not been able to work for two weeks due to his pain. Mr. Tygrett's reopening application was submitted to Dr. Thaxton, and after reviewing his records, she recommended that the claims administrator deny his request for temporary total disability benefits as well as his request for a referral to Dr. Patel. She believed that the additional period of disability was related to Mr. Tygrett's underlying degenerative condition and that the referral to Dr. Patel would be for treatment of this non-compensable condition instead of the work-related injury.

Based on Dr. Thaxton's recommendation, on September 27, 2013, the claims administrator denied Mr. Tygrett's reopening request and denied authorization for a referral to Dr. Patel. Following this denial, Mr. Tygrett testified by deposition that he returned to work in May of 2011. He also stated that after he received injections in October of 2011 he did not feel any pain in his low back until August of 2012. On September 5, 2014, the Office of Judges affirmed the claims administrator's September 27, 2013, decision. The Board of Review affirmed the Office of Judges' Order on February 25, 2015, leading Mr. Tygrett to appeal.

The Office of Judges concluded that Mr. Tygrett did not establish that he suffered an aggravation or progression of his compensable condition which would entitle him to have his claim reopened for additional temporary total disability benefits. The Office of Judges also concluded that the requested referral to Dr. Patel was not medically related or reasonably required to treat Mr. Tygrett's compensable injury. The Office of Judges found that the evidence in the record indicated that Mr. Tygrett's current complaints of pain were not related to the compensable injury. It found, based on Dr. Landis's evaluations, that Mr. Tygrett has pre-existing degenerative changes in his lower back which were aggravated by the compensable sacroiliac sprain. However, the Office of Judges determined that Mr. Tygrett had recovered from the compensable injury and the aggravated pre-existing condition at the time of Dr. Landis's finding of maximum medical improvement. The Office of Judges found that Mr. Tygrett did not need any additional treatment for his lower back until over a year after Dr. Landis's finding of maximum medical improvement. Based on this gap in treatment, the Office of Judges concluded that Mr. Tygrett's current disability and need for the referral were not related to the compensable sacroiliac sprain.

The Board of Review affirmed the Order of the Office of Judges. We agree with the decisions of the Office of Judges and Board of Review. The record supports the decision that Mr. Tygrett's current complaints of pain are not related to his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 22, 2016**


**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II